629 A.2d 1024

**Suzanne COSCIA**

**v.**

**John HENDRIE and Deborah Hendrie, Appellants.**

Superior Court of Pennsylvania.

Argued May 20, 1993.

Filed Aug. 18, 1993.

James N. Gross, Philadelphia, for appellants.

Laura Antonelli, Philadelphia, for appellee.

Before WIEAND, CIRILLO and HOFFMAN, JJ.

CIRILLO, Judge.

This is an appeal from an order entered in the Court of Common Pleas of Philadelphia County permitting a convey-

ance of real estate purchased by appellant, John Hendrie, and his wife, Deborah Hendrie to be set aside to satisfy the judgment of $51,800.00 against John Hendrie. We affirm.

Suzanne Coscia (formerly Suzanne Hendrie) and John Hendrie were married on September 29, 1973, and separated in August, 1976. Two children were born of the marriage, and Ms. Coscia retained primary physical custody of the children. In 1981 a divorce decree was entered, dissolving the marriage. Ms. Coscia and Mr. Hendrie entered into a written agreement which stipulated that Mr. Hendrie would pay Ms. Coscia child support in the amount of $100 per week for both children. Mr. Hendrie, however, made only two payments; throughout the subsequent nine years he failed to pay support. Due to Mr. Hendrie's unemployment, Ms. Coscia did not attempt to judicially enforce the child support agreement.

In March of 1990 Mr. Hendrie received more than $60,-000.00 from a workman's compensation claim and a personal injury suit against his employer. Ms. Coscia subsequently filed a petition against Mr. Hendrie to enforce the child support agreement. Following an evidentiary hearing, the Honorable Nicholas Kozay, Jr. granted Ms. Coscia's petition and entered judgment against Mr. Hendrie in the amount of $51,800.00, the amount of the child support arrearages that had accumulated since 1981. Mr. Hendrie did not appeal Judge Kozay's order. In December, 1991 Ms. Coscia filed suit against Mr. Hendrie and his common law wife, Deborah Hendrie, pursuant to the Pennsylvania Uniform Fraudulent Conveyance Act, which in relevant part provides:

> Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent, is fraudulent as to creditors, without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration.

39 Pa.S.A. § 354.

In the fraudulent conveyance action Ms. Coscia sought to have the conveyance of certain real property owned by John

and Deborah Hendrie as tenants by the entireties set aside, thereby subjecting it to the pro tanto claim of her judgment against John Hendrie. A bench trial was held before the Honorable Thomas B. Rutter, Pro Tempore, who rendered judgment in favor of Ms. Coscia. It is this judgment from which the Hendries appeal.

Mr. and Mrs. Hendrie raise four issues for our review:
(1) Whether the trial court erred in finding that Mr. Hendrie was insolvent at the time of the real estate transaction in May of 1990?
(2) Whether the trial court erred in finding that Suzanne Coscia was a creditor of John Hendrie's at the time of the real estate transaction in 1990?
(3) Whether the trial court erred in its application and interpretation of the case of *First National Bank of Marietta v. Hoffines,* 429 Pa. 109, 239 A.2d 458 (1968) in holding that John Hendrie's marriage to Deborah Hendrie failed to serve as fair consideration from which the real estate transaction of May, 1990 was then deemed fraudulent?
(4) Whether the trial court erred in arriving at its conclusion of law in light of the sufficiency and the weight accorded to the plaintiff's evidence?

■ When reviewing the decision of a bench trial, this court is limited to determining whether the findings of the trial court are supported by competent evidence or whether the trial court committed error in any application of the law. *Spang & Co. v. USX Corp.,* 410 Pa.Super. 254, 599 A.2d 978 (1991).

■ For the purposes of the Uniform Fraudulent Conveyance Act "[a] person is insolvent when the present, fair, salable value of his assets is less than the amount that will be required to pay his probable liability on existing debts as they become absolute and matured." 39 Pa.S.A. § 352(1). When a creditor establishes that a grantor was in debt at the time of conveyance, the burden shifts to the grantees to establish by clear and convincing evidence, either that the grantor was then solvent and not rendered insolvent by the conveyance, or

that he received fair consideration for the conveyance. *Garden State Standardbred v. Seese,* 417 Pa.Super. 15, 611 A.2d 1239 (1992); *Speiser v. Schmidt,* 387 Pa.Super. 30, 563 A.2d 927 (1989).

██ In addressing Mr. Hendrie's first claim the record reflects that Mr. Hendrie was indebted to Ms. Coscia in the amount of $46,000.00 in overdue child support. During this time, Mr. Hendrie, as grantor, purchased property in his and Deborah Hendrie's name with his own funds. Such indebtedness raised Ms. Coscia to the status of creditor. The burden then shifted to Mr. and Mrs. Hendrie, as grantees, to establish either that Mr. Hendrie was solvent or that he received fair consideration from Mrs. Hendrie for the conveyance. The record clearly indicates that Mr. Hendrie's assets were outweighed by his existing debts. Therefore, based on the record and in accordance with the standard set forth in *Garden State* and *Speiser,* the trial court properly determined that the Hendries failed to establish solvency on the part of Mr. Hendrie. Thus, this claim is without merit.

██ The Hendries next assert that Ms. Coscia was not a creditor of Mr. Hendrie at the time of the real estate conveyance. The Fraudulent Conveyance Act defines creditor as follows:

"Creditor" is a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed, or contingent.

39 Pa.S.A. § 351.

██ It is well established through judicial interpretation that Pennsylvania adheres to the majority view which regards property held by tenants by the entireties as unavailable to creditors of one of the tenants. *Stinner v. Stinner,* 300 Pa.Super. 351, 446 A.2d 651 (1982). However, when a spouse conveys individual property to a tenancy by the entireties in fraud of creditors, a creditor may nevertheless execute against the conveyed property. *Stinner, supra; Garden State, supra; See generally* 39 Pa.S.A. § 359. Mr. Hendrie's transfer of funds from a bank account, titled solely in his name, into

property held by the entireties with Deborah Hendrie was an attempt to defraud Ms. Coscia of the child support owed her, and, as such, is a fraudulent conveyance and may be set aside. *Id.* In addition, it is well settled that a creditor's claim is a legal liability which need not result as a verdict of trial. *Melat v. Melat,* 411 Pa.Super. 647, 602 A.2d 380 (1992); *Continental Bank v. Marcus,* 242 Pa.Super. 371, 363 A.2d 1318 (1976). Ms. Coscia's claim for child support is not mere allegation, rather it is a legal obligation, acknowledged and guaranteed by Mr. Hendrie's signing of the 1981 divorce agreement. *See City of Philadelphia v. Stepan Chemical Company,* 713 F.Supp. 1491, (E.D.Pa.1989) (a contractual obligation constitutes a "claim" sufficient to render the obligee a creditor of the obligor; interpreting Pennsylvania Uniform Fraudulent Conveyance Act). Therefore, due to Mr. Hendrie's default of this legal obligation, Ms. Coscia is entitled to assume the status of creditor for the real estate transaction, and in accordance with *Stinner,* she may execute against the conveyed property.

■ Mr. Hendrie next contends that the trial court erred in finding that the real estate transaction lacked consideration. We disagree. The trial court properly applied *First National Bank of Marietta v. Hoffines,* 429 Pa. 109, 239 A.2d 458 (1968), where the issue was whether, under the Fraudulent Conveyance Act, certain conveyances of realty by the endorser of a demand note to his wife and himself as tenants by the entireties were fraudulent. There, the Pennsylvania Supreme Court rejected the contention that "fair consideration" was to be found in payment for services allegedly rendered by the wife over the years on the couple's farm. *Id.* at 115–17, 239 A.2d at 463. Furthermore, the court in *Stinner* reaffirmed *Hoffines,* holding that domestic services provided by one spouse to another spouse fails to satisfy the burden of proving fair consideration for a conveyance. Moreover, the record indicates that the real estate was purchased with funds from accounts held solely and individually in the name of John Hendrie. Therefore, since Deborah Hendrie did not possess an ownership interest in the accounts, and her services as

John Hendrie's wife do not constitute fair consideration, the trial court properly concluded that the transaction lacked fair consideration.

■ We find the Hendries' final claim challenging the weight and sufficiency of the evidence is completely without merit. The burden of proof at trial was on the Hendries to establish by clear and convincing evidence that John Hendrie was solvent on the date of the real estate conveyance or that Deborah Hendrie paid fair consideration. *Stinner, supra.* However, as evidenced by our disposition of their first three issues, the Hendries failed to meet such burden. The trial court was left with no alternative but to render judgment in favor of Ms. Coscia.

Having found the trial court's judgment in favor of Ms. Coscia to be supported by competent evidence and without error, we affirm. *Spang, supra.*

Order affirmed.