632 A.2d 1352

Paul GORDON, Appellee,

v.

SANATOGA INN, INC., Appellant.

Superior Court of Pennsylvania.

Argued Sept. 13, 1993.

Filed Nov. 4, 1993.

Lawrence Sager, Pottstown, for appellant.

Mark C. Clemm, Plymouth Meeting, for appellee.

Before WIEAND, CIRILLO and HESTER, JJ.

WIEAND, Judge:

On November 12, 1976, Perma Bond Company made a loan of twenty thousand ($20,000.00) dollars to Sanatoga Inn, Inc., the terms of the loan to be reduced to a written instrument at a future date. On November 15, 1977, Sanatoga Inn, Inc., in consideration of value received and for its lender's forbearance in demanding repayment of the loan, executed and delivered to Perma Bond Company a promissory note in the face

amount of twenty thousand ($20,000.00) dollars. The note was under seal and was payable "on demand." It called for the payment of interest at the rate of seven (7%) percent per annum from November 12, 1976 until the note was paid. The note was subsequently assigned to Paul Gordon, who made a written demand for payment on February 25, 1988. When the demand was refused, Gordon entered judgment by confession against the payee. The judgment, however, was subsequently opened, and the liability of Sanatoga Inn, Inc., was tried non-jury before the Honorable Richard S. Lowe. Upon completion of the trial, the trial court entered a verdict in favor of Gordon and against Sanatoga Inn, Inc. in the amount of $42,530.41. Post-trial motions were denied, and judgment was entered on the verdict. This appeal followed by Sanatoga Inn, Inc.

Appellant's principal argument is that appellee's action to recover the amount of the note is barred by the statute of limitations. We have examined this contention carefully but find it devoid of merit.

Prior to enactment of the Judicial Code, which became effective on June 27, 1978, there was no statute of limitations applicable to an instrument under seal. See: *Parsons Trading Co. v. Dohan*, 312 Pa. 464, 167 A. 310 (1933); *Miners Sav. Bank v. Duryea Borough*, 331 Pa. 458, 200 A. 846 (1938); *Klein v. Reid*, 282 Pa.Super. 332, 422 A.2d 1143 (1980). There was only a presumption of payment after twenty (20) years. See: *City of Philadelphia v. Lieberman*, 112 F.2d 424 (3rd Cir.), *cert. denied*, 311 U.S. 679, 61 S.Ct. 48, 85 L.Ed. 438 (1940); *Zimmermann v. Zimmermann*, 395 F.Supp. 719 (E.D.Pa.1975); *Commercial Credit Co. v. County of Northumberland*, 23 F.Supp. 747 (M.D.Pa.1938). The Judicial Code, however, provided that "an action upon an instrument in writing under seal must be commenced within 20 years." 42 Pa.C.S. § 5529(b)(1). This statute of limitations, it is clear, did not bar the present action, which was commenced on March 28, 1988.

Appellant argues, however, that the trial court erred when it received the original note which was under seal. This was error, appellant suggests, because the complaint for confession

of judgment contained a copy of the note on which the corporate seal did not appear. There is no merit in this argument. The discrepancy was explained by the learned trial judge as follows:

Pursuant to Pennsyvlania [sic] Rule of Civil Procedure No. 2951(b), a plaintiff in a complaint to confess judgment has the choice of either filing the original promissory note or attaching a copy of the promissory note to the complaint as an exhibit.

The record reveals that plaintiff had indeed availed himself of the option under Pennsylvania Rule of Civil Procedure No. 2951(b) and submitted a photocopy instead of the original note. When plaintiff attempted to produce the original at trial, defendant objected on grounds that the photocopy attached to the complaint does not contain the corporate seal whereas a corporate seal appeared on the original. . . . Upon viewing the original, this Court found that the seal on the corporate note was colorless. Further, this Court took judicial notice of the fact that a colorless seal could not be reduplicated on a photocopy which explains the lack of a seal on the photocopy of the promissory note. *Horem [Horen] vs. Davis*, 274 Pa. 244, 118 A. 22 (1922). The effect of judicial notice by this Court is to dispense with the necessity of proof. *Commonwealth ex rel. Duff vs. Keenan*, 347 Pa. 574, 33 A. [A.2d] 244 (1943). Consequently, the copy of the original promissory note was properly admitted and defendant's assertion to the contrary lacks merit.

Even if the instrument had not been under seal, however, appellant's statute of limitations defense would have failed. A four year limitation upon actions based on a negotiable or nonnegotiable note has been imposed by 42 Pa.C.S. § 5525(7). However, "[w]here such an instrument is payable upon demand, the time within which an action on it must be commenced shall be computed from the later of either demand or any payment of principal of or interest on the instrument." 42 Pa.C.S. § 5525(7). See also: *Lazzarotti v. Juliano*, 322 Pa.Super. 129, 136, 137, 469 A.2d 216, 219–220 (1983). In the

instant case, the first demand was made on February 25, 1988, and appellee's complaint for the entry of judgment by confession was filed on March 28, 1988. It is eminently clear, therefore, that the present action is not time barred under any circumstances.

Appellant's remaining contentions are so lacking in merit as to require no discussion. Suffice it to say that the trial court's finding that the note had been assigned by Perma Bond Company, the payee, to Paul Gordon, the plaintiff-appellee, is fully supported by competent evidence and that the note itself provides for the payment of interest from November 12, 1976.

Judgment affirmed.