655 A.2d 132

Thomas H. NIMICK, Jr., Appellee,

v.

Robert P. SHUTY, Appellant. (Two Cases)

Thomas H. NIMICK, Jr. Appellee,

v.

Robert P. SHUTY and Barbara J. Shuty, Husband and Wife, Appellants. (Two Cases)

Superior Court of Pennsylvania.

Submitted Oct. 4, 1994.

Filed Feb. 15, 1995.

88

90

---

Thomas E. Reilly, Pittsburgh, for appellants.

Anthony J. Guida, Pittsburgh, for appellee.

Before CAVANAUGH, POPOVICH and HESTER, JJ.

POPOVICH, Judge.

This is an appeal from the orders dated December 21, 1993, entered in the Court of Common Pleas of Allegheny County.[1] Herein, we are presented with questions of whether appellee has a viable cause of action against appellant, Robert P. Shuty,

---

1. Our review of the record reveals that on April 21, 1994, the orders in question were reduced to judgment in favor of appellee.

under the terms of a promissory note entered into between the parties. Further, we are asked to determine whether the lower court erred in awarding a money judgment to appellee for appellants' fraudulent conveyance of property.

The record reveals that in December of 1982, Mr. Shuty approached appellee, Thomas H. Nimick, Jr., to solicit his investment in a business entity which Mr. Shuty intended to form that would market and distribute microprocessing controllers. RR. 86–87. Mr. Shuty informed Mr. Nimick that he needed $30,000.00 to start that project. RR. 87. Mr. Shuty received the sum of $30,000.00 from Mr. Nimick pursuant to a Promissory Note and Agreement dated December 29, 1982 (the "Note"). RR. 87. The Note provided the following language:

For value, Robert P. Shuty promises to pay to the order of Thomas H. Nimick, Jr., of Ligonier Township, Pennsylvania, the sum of Thirty Thousand ($30,000.00) Dollars, ON DEMAND, after the date hereof, with interest on the unpaid principal balance from the date hereof, until payment in full at a rate at all times two percent (2%) per annum more than the rate from time to time in effect at the principal office of Pittsburgh National Bank for 90–day loans to prime commercial borrowers. Any change in such prime rate shall be effective with respect hereto on the day following such change. Interest payments shall be made quarterly on March 31, June 30, September 30, and December 31 of each year commencing March 31, 1983. Robert P. Shuty shall have the right to prepay the principal in whole or in part from time to time without premium or penalty; provided, however, that payment of this Promissory Note will not eliminate or otherwise affect Thomas H. Nimick, Jr.'s right to take an equity or partnership position in an equity to be jointly established by Robert P. Shuty and Thomas H. Nimick, Jr. pursuant to the following paragraph hereof.

As part of the consideration to Thomas H. Nimick, Jr. for making the loan represented by this Promissory Note, the said Thomas H. Nimick, Jr. shall have the right, at his sole

option, to take an equity or partnership position up to forty percent (40%) in an entity to be jointly established by Robert P. Shuty and Thomas H. Nimick, Jr. This entity pertains solely to the exclusive rights to market and distribute E–CON SYSTEMS currently manufactured by ACCU-CIRCUIT AND ELECTRONIC MFG. CO. of 1106 Reedsdale Street, Pittsburgh, Pennsylvania. Once Thomas H. Nimick, Jr. has determined the precise percentage of equity or partnership interest to be taken by him, he shall pay for such interest, by conversion of all or a portion of this Promissory Note or otherwise, by investing in such entity an amount proportionate (taking into account the percentage interest thus determined) to the investment of Robert P. Shuty. For this purpose, the value of the investment of Robert P. Shuty shall be determined by mutual agreement of Robert P. Shuty and Thomas H. Nimick, Jr.

Robert P. Shuty shall take no actions related to the aforesaid business or entity (including without limitation the signing of any contract) without the prior written consent of Thomas H. Nimick, Jr.. . . .

RR. 278–279. From March of 1983 through January 10, 1986, Mr. Shuty made quarterly interest payments to Mr. Nimick on the Note. After that period, however, Mr. Shuty failed to make any payments on the Note. RR. 89. The Note was amended by a letter dated April 17, 1986, sent from Mr. Nimick to Mr. Shuty. The letter provided that any unpaid interest would be added to the principal amount, "and so on, until the accumulated Demand Note is satisfied." RR. 294. Moreover, the letter expressly stated that Mr. Nimick was not demanding payment of either interest or principal. RR. 295. Mr. Shuty consented in writing to the amendment of the Note. RR. 295.

From July of 1986 to April of 1992, Mr. Nimick sent Mr. Shuty quarterly statements which added the unpaid interest to the principal. Each statement also provided for compounded interest that was due. RR. 296, 299–302, 306–321. By letter dated February 19, 1992, Mr. Nimick demanded payment of the principal, together with accrued interest, in the

amount of $72,583.06, plus per diem interest. RR. 322. On March 9, 1992, Mr. Nimick brought suit against Mr. Shuty to enforce the Note. On April 30, 1992, Mr. Shuty served his answer and new matter to Mr. Nimick's action on the Note.

On May 6, 1992, Mr. Shuty conveyed his interests in two parcels of real property from himself to his wife and himself, as tenants by the entireties, for a consideration of $1.00 each. RR. 92–93; 338–345. The two parcels of real property included a 64–acre parcel and a 15–acre parcel both located in Coraopolis, Pennsylvania. By deed dated June 4, 1969, Mr. Shuty had become sole owner of the 64–acre parcel, and, on October 3, 1977, Mr. Shuty acquired an undivided ⅟₁₆ interest in the 15–acre parcel. RR. 92–93. On August 7, 1992, the 15–acre parcel was sold to Stanford Court Associates for $320,-000.00. At the time of the sale, Mr. Shuty had a limited partnership interest in Stanford Court Associates. Further, Mr. and Mrs. Shuty received approximately $43,000.00 from the sale of their interest in the 15–acre parcel. RR. 96.

Also, on August 7, 1992, Mr. Nimick filed a complaint in equity alleging the conveyances by the Shutys were made fraudulently. Mr. Nimick sought to enjoin the Shutys from transferring the properties and requested that he be permitted to levy and execute upon the properties. RR. 41–43. On October 1, 1992, the Shutys filed their answer to Mr. Nimick's complaint in equity.

Thereafter, the lower court entered an order dated August 3, 1993, that consolidated the two suits for trial. RR. 73. On October 21, 1993, the lower court held a bench trial. On December 21, 1993, the court below rendered a verdict in favor of Mr. Nimick and against Mr. Shuty in the Note action for the amount of $93,600.38, together with interest at the per diem rate of $29.83 from October 21, 1993, and costs. Further, the lower court entered a decree that set aside the conveyance of the 64–acre parcel as fraudulent and awarded $43,000.00 to Mr. Nimick for the proceeds received by the Shutys from their sale of the 15–acre parcel to a third party. RR. 365–367.

On January 3, 1994, the Shutys filed post-verdict motions requesting that the lower court reconsider its verdict and decree. The lower court entered an order and opinion dated March 11, 1994, that denied those motions. This appeal followed.

"When reviewing the decision of a bench trial, this court is limited to determining whether the findings of the trial court are supported by competent evidence or whether the trial court committed error in any application of the law." *Coscia v. Hendrie*, 427 Pa.Super. 585, 589, 629 A.2d 1024, 1026 (1993), citing, *Spang & Co. v. USX Corp.*, 410 Pa.Super. 254, 599 A.2d 978 (1991).

■ Herein, Mr. Shuty initially contends that the lower court erred in holding that the Note action was not barred by the statute of limitations provided under 42 Pa.C.S.A. § 5525(7). That section reads in pertinent part as follows:

The following actions and proceedings must be commenced within four years:

 * * * * * *

(7) An action upon a negotiable or nonnegotiable bond, note or other similar instrument in writing. Where such an instrument is payable upon demand, *the time within which an action on it must be commenced shall be computed from the later of either demand or any payment of principal of or interest on the instrument.*

42 Pa.C.S.A. § 5525(7) (emphasis added).

Mr. Nimick filed his complaint in the Note action on March 9, 1992. Mr. Shuty argues that Mr. Nimick's claim accrued on or about January 10, 1986, the date of Mr. Shuty's last payment under the Note. Mr. Shuty, thus, maintains that the Note action was time-barred on January 11, 1990.

■ We reject Mr. Shuty's assertion that the statute of limitations began to run on or about January 10, 1986. Section 5525(7) clearly states that the four-year statute of limitations is calculated from the *later* of either (1) demand or (2) payment of principal of or interest on the instrument. In the

case at bar, the demand occurred later than the payment. Upon examination of the record, we find that Mr. Nimick made his first demand upon the Note on February 19, 1992.[2] We conclude that Mr. Nimick's claim accrued on that date.

■ Mr. Shuty also argues that the demand was not made within a reasonable time in view of the fact that that the note was executed in 1982 and the last payment was made in 1986. He suggests that Mr. Nimick arrested the running of the statute of limitations for his own convenience. Mr. Shuty directs our Court's attention to the following decision to buttress his contention: *Gurenlian v. Gurenlian*, 407 Pa.Super. 102, 595 A.2d 145 (1991). We do not find our decision in *Gurenlian, supra*, is dispositive of the instant facts. In that case, our Court concluded that the plaintiff's cause of action on an oral loan that did not condition repayment on the making of a demand was barred by a four-year statute of limitations pursuant to 42 Pa.C.S.A. § 5525(3).[3] *Id.* at 112–113, 595 A.2d at 149–150. There, we found that the plaintiff's claim had accrued at the time he lent money to the defendant and that six years had elapsed when the plaintiff instituted action for repayment. *Id.* at 112–113, 595 A.2d at 150. In *Gurenlian*, our Court cited *Lazzarotti v. Juliano*, 322 Pa.Super. 129, 469 A.2d 216 (1983), in recognition that the statute of limitations applied differently to cases involving written notes which conditioned repayment on the making of a demand. *Id.* at 113 n. 3, 595 A.2d at 150, n. 3.

2. Mr. Shuty asserts that Mr. Nimick made repeated demands upon the Note in his quarterly statements sent to Mr. Shuty between January, 1986, and February, 1992. We do not discern of any evidence that Mr. Nimick demanded payment until February, 1992. From our view of the quarterly statements prior to February, 1992, we find that Mr. Nimick expressly informed Mr. Shuty of the amounts due under the Note and patiently availed him of the opportunity to make his payments.

3. Section 5525(3) reads as follows:

The following actions and proceedings must be commenced within four years:

\* \* \* \* \* \*

(3) An action upon an express contract not founded upon an instrument in writing.

42 Pa.C.S.A. § 5525(3).

In *Lazzarotti v. Juliano, supra,* our Court rejected the defendant's argument that the plaintiff's suit on a note payable upon demand was time-barred solely because the note was executed seven years before the action commenced.[4] *See Gordon v. Sanatoga Inn, Inc.,* 429 Pa.Super. 537, 632 A.2d 1352 (1993) (action on note payable upon demand was not barred by four-year statute of limitations where demand was made eleven years after execution of note). Here, Mr. Nimick's demand of payment was made nine years after the execution of the Note. In light of the aforementioned decisions, we do not find merit to Mr. Shuty's claim that the demand was not made within a reasonable time.

Further, we note that § 5525(7) is completely devoid of language requiring a time limit within which a demand must be made. *Compare* 13 Pa.C.S.A. § 3118(b) (Uniform Commercial Code, Article 3, effective July 9, 1993) ("If no demand for payment is made to the maker, an action to enforce the note is barred if neither principal nor interest on the note has been paid for a continuous period of ten years."). "[T]his Court is without authority to insert a word into a statutory provision where the legislature has failed to supply it." *Key Sav. and Loan Ass'n v. Louis John, Inc.,* 379 Pa.Super. 226, 232, 549 A.2d 988, 991 (1988), *appeal denied,* 523 Pa. 632, 564 A.2d 1260 (1989), *citing, Worley v. Augustine,* 310 Pa.Super. 178, 456 A.2d 558 (1983). "[W]hen the letter of a statute is clear and unambiguous, this Court is not free to engraft additional verbiage upon it in a supposed effort to pursue its spirit." *Black v. Billy Penn Corporation,* 72 Pa.Commw. 628, 632, 457 A.2d 192, 193 (1983), *citing,* 1 Pa.C.S.A. § 1921(b). *See Amendola v. Civil Service Commission of Crafton Borough,* 139 Pa.Commw. 76, 589 A.2d 775, 777 (1991) (a court lacks power to insert words into statutory provisions where the legislature has failed to supply them). "We are to presume the legislature did not intend a result that is absurd or unreasonable." *Commonwealth v. Runion,* 427 Pa.Super. 217,

4. In *Lazzarotti v. Juliano, supra,* 42 Pa.C.S.A. § 5527 was in effect at the time of the filing of the complaint. Section 5527 allowed for a six-year statute of limitation. That section was repealed and replaced by 42 Pa.C.S.A. § 5525 which provides for a four-year statute of limitations.

220, 628 A.2d 904, 906 (1993), *citing, Commonwealth v. Martorano*, 387 Pa.Super. 151, 563 A.2d 1229 (1989).

Having determined that Mr. Nimick's cause of action on the Note accrued on February 19, 1992, we conclude that his suit filed on March 9, 1992, was not time-barred under 42 Pa. C.S.A. § 5525(7).[5]

 Mr. Shuty next challenges the lower court's determination that the terms of the Note were unambiguous and its application of the parol evidence rule. Under Pennsylvania law, "parties have the right to make their own contract, and it is not the function of a court to rewrite it or to give it a construction in conflict with the accepted and plain meaning of the language used." *Meeting House Lane, Ltd. v. Melso*, 427 Pa.Super. 118, 126, 628 A.2d 854 (1993), *citing, Amoco Oil Co. v. Snyder*, 505 Pa. 214, 221, 478 A.2d 795, 798 (1984).

Mr. Shuty contends that the Note was not a personal loan to him by Mr. Nimick. Instead, Mr. Shuty maintains that the Note was "an agreement to fund an unspecified equity interest in an entity that was to be established shortly after the execution of the agreement." RR. 23–24. We find that the instrument afforded Mr. Nimick the "right, at his sole option," to convert the Note into an equity position. RR. 279. However, in this case, Mr. Nimick was precluded from exercising his "option" because the entity contemplated by the Note was never formed by Mr. Shuty. RR. 361. Upon evaluating the language of the Note in its totality, *see Melso*, 427 Pa.Super. at 126, 628 A.2d at 857 (contract must be construed as a whole), we conclude that the parties clearly and unambiguously intended the instrument to be an unconditional promise of repayment. Moreover, we note that Mr. Shuty does not allege that the instrument was tainted by fraud or mistake. Consequently, we hold that the lower court did not commit an error of law in denying Mr. Shuty's request to introduce parol evidence to vary or alter the terms of the Note. *See Iron*

---

**5.** We reject Mr. Shuty's claim that the statute of limitations began to run in January, 1986. Hence, we need not address Mr. Shuty's contentions that the lower court erred in ruling that his acknowledgements of debt between 1986 and 1990, tolled the statute of limitations.

*Worker's S & L v. IWS, Inc.*, 424 Pa.Super. 255, 264–265, 622 A.2d 367, 372 (1993) (in absence of fraud, mistake or accident, parol evidence is inadmissible to vary terms of written contract where contract is found to be unambiguous); *Beckman v. Vassall–Dillworth Lincoln–Mercury, Inc.*, 321 Pa.Super. 428, 438–439, 468 A.2d 784, 789 (1983) (same).

■ Mr. Shuty also asserts that the lower court misconstrued the amendment to the Note in regard to the compounding of interest as set forth in Mr. Nimick's letter dated April 17, 1986. The lower court determined that the amendment to the Note allowed for the compounding of interest on the payment of April 10, 1986, and all subsequent payments. Mr. Shuty, however, takes the position that the lower court erred in its interpretation because the amendment to the Note allowed for the compounding of interest only on the particular payment of April 10, 1986. The letter dated April 17, 1986, provided the following germane paragraphs:

As we discussed previously on the telephone, you would probably miss your April 10th interest payment to me and that this amount in turn would be added to the principal amount. Accordingly, this new amount of principal would also be accumulating interest at fifteen percent (15%) per annum.

Pro Forma, beginning April 10th, the new principal amount will be $31,125.00 at 15% per annum and the interest due on July 10th, is calculated to be $1,167.19; *and so on,* until the accumulated Demand Note is satisfied.

RR. 294 (emphasis added). Mr. Shuty consented in writing to the amendment to the Note. RR. 295. From our careful evaluation of the letter dated April 17, 1986, we find that the lower court properly determined that the parties intended to have the interest compounded on all payments. Also, we note importantly that Mr. Shuty was completely aware that interest was compounded on all payments since the quarterly statements sent to him by Mr. Nimick from July, 1986 to April, 1992, expressly provided as such. RR. 296, 299–302, 306–321. Yet, he voiced no objection to the compounding of

interest on the payments until the suit was brought. We decline to avail Mr. Shuty of relief suddenly when, for nearly six years, he was clearly cognizant of the fact that interest was compounded on the payments.

■ Our final inquiry herein focuses upon the question of whether the lower court erred in awarding a money judgment to Mr. Nimick for the Shutys' fraudulent conveyance of property. The court below set aside the conveyance of the 64–acre property and entered judgment for $43,000.00 on the conveyance of the 15–acre property made to a third party.

On May 6, 1992, two months after Mr. Nimick filed his Note action, Mr. Shuty conveyed his interests in the 64–acre and 15–acre properties from himself to his wife and himself, as tenants by the entireties, for a consideration of $1.00 each. We initially find that the conveyance of those properties on May 6, 1992, was made fraudulently.

Under the Uniform Fraudulent Conveyances Act, 39 P.S. §§ 351–363 (repealed December 3, 1993, effective in 60 days), "[e]very conveyance made and every obligation incurred by a person who is or will be thereby rendered *insolvent,* is fraudulent as to creditors, without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration." 39 P.S. § 354 (emphasis added). "A person is *insolvent* when the present, fair, salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured." 39 P.S. § 352(1) (emphasis added).

"When a creditor establishes that a grantor was in debt at the time of conveyance, the burden shifts to the grantees to establish by clear and convincing evidence, either that the grantor was then solvent and not rendered insolvent by the conveyance, or that he received fair consideration for the conveyance." *Coscia v. Hendrie,* 427 Pa.Super. 585, 629 A.2d 1024, 1026 (1993) (citations omitted). Here, Mr. Nimick established that Mr. Shuty was in debt at the time of the conveyance on May 6, 1992. RR. 94. Thus, the burden of proof shifted to Mrs. Shuty to establish by clear and convincing

evidence that Mr. Shuty was solvent on the date of the conveyance or that she paid fair consideration. Upon review of the record, we conclude that the lower court properly ruled that Mrs. Shuty failed to meet such burden.

We find no merit to the Shutys' assertion that their subsequent conveyance of the 15–acre property to a third party was not fraudulent by virtue of the trial court's setting aside of the 64–acre conveyance. The Shutys maintain that the 64–acre property had an appraisal value of at least $272,-000.00, and that when the conveyance of this property was set aside, the lower court, in effect, made the Shutys solvent. The Shutys, thus, argue that the lower court erred in awarding a money judgment to Mr. Nimick for $43,000.00 from their sale of the 15–acre property to a third party. The Shutys have failed to cite any authority in support of that contention.[6] "The argument shall be ... followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). *Compare Commonwealth v. Rodgers,* 413 Pa.Super. 498, 519–520, 605 A.2d 1228, 1239 (1992), *appeal denied,* 532 Pa. 655, 615 A.2d 1311 (appellate brief must include pertinent discussion along with citation to pertinent authorities). Arguments that are not appropriately developed are waived. *Id., citing, Commonwealth v. Nelson,* 389 Pa.Super. 417, 422–23, 567 A.2d 673, 676 (1989), *alloc. denied,* 527 Pa. 623, 592 A.2d 44 (1990). Because the Shutys have not cited any pertinent authority to buttress their contention that the lower court erred in awarding a money judgment against them for their conveyance of property to a third party, we deem this claim waived. Even if we were to determine that the Shutys' assertion was not waived, we would find it meritless. Guided by the language of the Uniform Fraudulent Conveyances Act, our scrutiny of "insolvency" attaches at or near the time of the conveyance, and not at the time of the lower court's ruling. *See First Nat. Bank of Marietta v. Hoffines,* 429 Pa. 109, 239

---

**6.** The Shutys cite *Simon v. Sorrentino,* 145 Pa.Super. 364, 20 A.2d 805 (1941). In that case, however, the Court was not presented with the issue of whether a trial court's setting aside of a conveyance has the effect of making a party solvent.

A.2d 458 (1968); *Angier et al. v. Worrell,* 346 Pa. 450, 31 A.2d 87 (1943).

Having closely evaluated appellants' points of error and finding that they do not avail relief to appellants, we, accordingly, affirm the orders entered by the lower court.

Orders affirmed.