J-S07001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| OSAMA R. ABUGHAZALEH, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RAND S. ASHER, | |
| Appellee | No. 1800 EDA 2017 |

Appeal from the Order Entered May 12, 2017
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2015-09486

BEFORE:  BENDER, P.J.E., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MAY 01, 2018**

Appellant, Osama R. Abughazaleh, appeals from the May 12, 2017 order granting summary judgment in favor of Appellee, Rand S. Asher.  After careful review, we affirm.

This matter arises from a complaint in confession of judgment filed by Appellant on April 30, 2015, in an attempt to collect monies allegedly owed to him by Appellee pursuant to three separate agreements entered into by the parties:  (1) a $100,000.00 written promissory note entered into in 1994, (2) a $35,000.00 oral agreement for a loan made in 2002, and (3) a $3,900.00 oral agreement for a loan made in 2003.  On May 12, 2017, the trial court entered an order granting Appellee's motion for summary judgment.  We need not reiterate the history of this case at length herein, as the trial court

sufficiently set forth the relevant facts and procedural history in its October 30, 2017 opinion. *See* Trial Court Opinion, 10/30/17, at 1-3.

On June 7, 2017, Appellant filed a timely notice of appeal, followed by a timely, court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellant presents the following issue for our review: "Did the lower court commit legal error and/or abuse its discretion, by entering summary judgment in favor of [Appellee] and against [Appellant], based on the purported application of the relevant statute of limitations and/or of the principle of judicial estoppel?" Appellant's Brief at 3.

We have reviewed the certified record, the briefs of the parties, and the applicable law. Additionally, we have reviewed the thorough and well-crafted opinion of the Honorable Carolyn Tornetta Carluccio of the Court of Common Pleas of Montgomery County, entered on October 30, 2017. We conclude that Judge Carluccio's well-reasoned opinion accurately disposes of the issues presented, and we discern no abuse of discretion or error of law. Accordingly, we adopt Judge Carluccio's opinion as our own and affirm the order granting Appellee's motion for summary judgment on that basis.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/1/18

7 pgp·

IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL DIVISION

OSAMA R. ABUGHAZALEH      :      NO. 15-09486

VS.      :

RAND S. ASHER      :

2015-09486-0033  10/30/2017 11:28 AM  # 11504618
Opinion
Rcpt#Z3255321 Fee:$0.00
Mark Levy - MontCo Prothonotary

*CARLUCCIO, J.*      OCTOBER 30th , 2017

**OPINION**

FACTS AND PROCEDURAL HISTORY:

The matter at bar involves Plaintiff Osama R. Abughazaleh's suit to collect monies from Defendant Rand S. Asher who allegedly owed him pursuant to three(3) separate agreements, including one (1) written promissory note and two (2) oral agreements entered into by the parties.

On May 11, 2017, after review of briefs, the trial court entered summary judgment in favor of the Defendant Rand S. Asher and against the Plaintiff Osama R. Abughazaleh in the above captioned matter.

The Plaintiff timely appealed.

The trial court supports its' ruling below.

DISCUSSION:

According to *Pennsylvania Rule of Civil Procedure 1035.2,*

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law .

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Further, if the moving party meets its' initial burden of proof for summary judgment, the burden then shifts to the non-moving party to establish a genuine issue of material fact. That is, where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order survive summary judgment. *Pa.R.Civ.Pro. 1035.3(a)*. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case on which it bears the burden of proof establishes entitlement of the moving party to judgement as a matter of law. Id.

In the matter *subjudice*, Plaintiff filed a breach of contract complaint against Defendant/Asher claiming that Asher failed to re-pay three (3) separate loans: a $1, 000, 000.00 written promissory note entered into in 1994, a $35,000.00 oral agreement/loan from 2002, and a $3,900.00 oral agreement/loan from 2003. (Plaintiff's Complaint, filed April 30, 2015, paragraphs 4 and 5)

After discovery was complete, Defendant Asher filed a Motion for Summary Judgment pleading that the statute of limitations had run on all three (3) of Plaintiff's claims, thereby requiring entry of summary judgment in Defendant's favor. After review of the applicable statute of limitations, the complaint, and Plaintiff's response to the Defendant's Summary Judgment Motion, the trial court

agreed that the statute of limitations had run on Plaintiff's claims and properly entered judgment against Plaintiff Osama R Abughazaleh.

The first loan was memorialized by the Promissory Note dated November 18, 1994. The Note was signed under seal and notarized by a Notary Public. (Please See, Defendant's Motion for Summary Judgment – Exhibit #2- Promissory Note) A contract under seal is subject to a twenty (20) year statute of limitations period. *Pa.C.S. Section 5529(b)(1)*. That statutory Section provides, "[n]otwithstanding *Section 5525(7)* (relating to four year limitation), an action upon an instrument in writing under seal **must be commenced within 20 years.**" *Pa.C.S. Section 5529(b)(1), emphasis added*. **The parties at bar agree that the Promissory Note is governed by the twenty (20) year statute of limitations.** Thus, applying the statute, the Promissory Note was executed on November 18, 1994; the statute of limitations expired twenty (20) years later on November 18, 2014; and the Plaintiff filed his action to enforce the Promissory Note on April 30, 2015, five (5) months outside of the statute of limitations. Since, a complaining party is barred from bringing a lawsuit once the prescribed statutory period for commencing a cause of action has expired, Defendant met his burden of proof on his Summary Judgment Motion, and the burden then shifted to the Plaintiff to identify a genuine issue of material fact. *Pa.R.Civ.Pro. 1035.3(a)*. Plaintiff failed to do so.

Plaintiff responded to the Motion by claiming that the twenty (20) year statute of limitations did not <u>begin to run</u> on the Promissory Note <u>until 2015</u> when he made his final <u>demand</u> for payment on the Note. Plaintiff cited to <u>Nimick v. Shuty</u>, 655 A.2d 132, 136-137 (Pa.Super. 1995) for this proposition. However, the <u>Nimick</u> case involved a four(4) year statute of limitations under

3

Section 5525(7) with a demand for payment, not an instrument under seal with a twenty (20) year statute of limitations under *Section 5529(b)(1)* containing no demand for payment language. (*Please See*, Defendant's Motion for Summary Judgment, Exhibit #2 –Promissory Note) Thus, Plaintiff failed to meet his burden to identify outstanding questions of fact regarding the statute of limitations via this case.

Plaintiff also responded that every time Defendant made a partial payment on the Note, the statute of limitations re-started, and therefore, the statute had not run. Plaintiff quoted from Cole v. Lawrence, 701 A.2d 987, 990 (Pa.Super. 1997) which holds that in order for a partial payment to toll the statute of limitations, the payment must constitute a constructive acknowledgement of the debt from which a promise to pay the balance may be inferred. The trial court agreed with this proposition. As indicated in Cole,

> A clear, distinct and unequivocal acknowledgement of a debt as an existing obligation, such as is consistent with a promise to pay, is sufficient to toll the statute of limitations. There must, however, be no uncertainty either in the acknowledgement or in the identification of the debt; and the acknowledgment must be plainly referable to the very debt upon which the action is based; and also must be consistent with a promise to pay on demand and not accompanied by other expressions indicating a mere willingness to pay at a future time. A simple declaration of an intention to discharge an obligation is not the equivalent of a promise to pay, but is more in the nature of a desire to do so, from which there is no implication of a promise.

*(Id. at 990, citing Huntingdon, 659 A2d at 1054.)*

Thus, based upon the foregoing, an acknowledgment of debt or promise to pay must be unequivocal and unconditional in order to take the case out from the statute of limitations. Gurenlian v. Gurenlian, 595 A.2d 145, 151 (Pa.Super. 1991).

4

Thus, in order to succeed under the acknowledgment doctrine, a plaintiff must show actual evidence, not just conjecture, which would allow the court to infer a promise to pay the remaining debt or an acknowledgement of the entire balance. Huntingdon Fin.Corp v. Newtown Artesian Water Co., 659 A.2d 1052, 1054 (Pa.Super. 1995) However, Plaintiff herein failed to identify/allege facts from which a jury could infer Defendant's constructive acknowledgement of the debt. Plaintiff generically indicated that Defendant made partial payments over the years. (Plaintiff's Answer to Defendant's Motion for Summary Judgment, paragraphs 1 and 2) Plaintiff failed to present specific evidence that could suggest to a jury that any such partial payments constituted a clear and unequivocal acknowledgment of a larger debt. Cole, at 990.

Summary judgment was also properly entered against the Plaintiff with reference to his breach of contract claim on the 2002 oral loan for $35,000.00. That is, it is well established that a loan premised upon an oral agreement is subject to a four (4) year statute of limitations (applying to an action upon an express contract not founded on an instrument in writing.) *42 Pa.C.S. Section 5525(3)* Applying, this section to the case at bar, The parties entered into the oral agreement in 2002; the statute of limitations period ran four(4) years later in 2006; Plaintiff filed his action to enforce the 2002 oral agreement on April 30, 2015, approximately nine (9) years after the statute expired.

Further, summary judgment was likewise properly entered against the Plaintiff with reference to his breach of contract claim on the 2003 oral loan for $3,900.00. As indicated, *supra*, a loan premised upon an oral agreement is subject to a four (4) year statute of limitations. *42 Pa.C.S. Section 5525(3)* (reference to an action upon an express contract not founded on an instrument in

5

writing.) *42 Pa.C.S. Section 5525(3)*. Applying, *Section 5525(3)* to the case at bar, the parties entered into the oral agreement in 2003; the statute of limitations period ran four (4) years later in 2007; Plaintiff filed his action to enforce the 2003 oral agreement on April 30, 2015, approximately eight (8) years after the statute expired.

Once Defendant established that the statute of limitation had run on the two (2) oral loans cited above, the burden then shifted to the Plaintiff to identify a genuine issue of material fact to counter the above. Again, Plaintiff did not meet this burden.

Plaintiff countered that the two (2) oral loans, *supra*, were not subject to a four (4) year statute of limitations period because the loans were loan principle re-advances under the Note, and therefore, subject to the twenty (20) year statute of limitations. However, there is absolutely no language in the Note, itself, which provides for such re-advances. (*Please See*, Defendant's Motion for Summary Judgment, Exhibit #2 –Promissory Note) Thus, the alleged re-advances could only be oral loans, or oral modifications to the Note. As such, the oral agreements would again be under a four (4) year statute of limitations which would have expired in 2011, before suit was filed. Please See, Gurenlian v. Gurenlian, 595 A.2d 145, 150 (Pa.Super. 1991).

Finally, assuming *arguendo*, that the appellate court finds that Plaintiff met his burden of proof and produced a question of fact relevant to the statute of limitations issue, the trial court contends that summary judgment would still be appropriate under judicial estoppel. As the court is aware, judicial estoppel is a doctrine that prohibits a party from taking a position in a subsequent proceeding that is inconsistent with the party's position in a prior judicial proceeding.

6

Widener University v. Estate of Boettner, 726 A.2d 1059, 1062 (Pa.Super. 1999)

In the case at bar, Plaintiff <u>admitted</u> that despite pledging full disclosure when negotiating his property settlement in his previous divorce matter, he omitted the loan/loans at issue from his list of assets in that action. (*Please See, Defendant's Reply Brief in Support of Summary Judgment, <u>Exhibit A</u>- Plaintiff's deposition, pgs. 10-12; <u>Exhibit B</u> – Docket from <u>Abughazaleh v. Abughazaleh</u>, No. 50-1997-DR-008864-DIFY-SB, Palm Beach County Court for the State of Florida ; <u>Exhibit C</u>- Court Order Pledging Full Disclosure.*) Thus, under judicial estoppel, Plaintiff should be precluded from attempting to collect on an outstanding debt herein, when he purposefully/strategically indicated that such debt(s) did not exist in his previous divorce action. <u>Id.</u>

Accordingly, for the foregoing reasons, the trial court respectfully requests that its' May 11, 2017, ruling be AFFIRMED.

**By the Court:**

The Honorable Carolyn Tornetta Carluccio

Copies of the above Opinion
mailed on     /0-30-17     to:
Marc A. Zaid, Esquire
Andrew W. Bonekemper, Esquire
Daniel W. Yager, Esquire

Secretary

7