665 A.2d 485

**Kevin GALLAGHER, Appellee,**

v.

**John SHERIDAN, Appellant.   (Two Cases.)**

Superior Court of Pennsylvania.

Argued June 15, 1995.

Filed Aug. 24, 1995.

Reargument Denied Oct. 27, 1995.

L. Rostaing Tharaud, Philadelphia, for appellant.

Michael J. D'Aniello, Norristown, for appellee.

Before POPOVICH, JOHNSON and HOFFMAN, JJ.

POPOVICH, Judge.

This is an appeal from the judgments of October 20, 1994, and January 9, 1995, entered in the Court of Common Pleas of Philadelphia County. Herein, John Sheridan ("Appellant") contends that the lower court erred in refusing to mark the judgment from an arbitration proceeding as satisfied. Appellant also asserts that the court below erred in awarding delay damages to Kevin Gallagher ("Appellee"). Upon review, we affirm.

The history of this case was aptly summarized by the lower court as follows:

Plaintiff [appellee] and defendant [appellant] were involved in an auto accident on January 11, 1991. In addition to the filing of this suit for personal injuries allegedly sustained as a result of the accident, [appellee] filed an under-insured motorist claim against his own automobile insurance carrier, Commercial Union Insurance Companies [Commercial Union]. This latter action proceeded to a

hearing first, resulting in an arbitration damage award to [appellee] in the amount of $110,000. [Appellant's] insurance carrier, Prudential, ultimately tendered to [the lower court] the policy limits of [appellant's] coverage in the amount of $15,000. [Appellee's] under-insured carrier, Commercial Union, has paid the remainder of the outstanding arbitrator's award, $95,000, to [appellee]. However, Commercial Union has not waived its subrogation lien with reference to the present third-party action.

On October 19, 1994, [the lower court] granted that portion of [appellant's] motion in limine seeking preclusion on the issue of the amount of damages since [appellee] already had fully litigated this issue in the earlier under-insured motorist arbitration proceeding. Indeed, [appellee] conceded the correctness of such a result and, instead, contested only that portion of [appellant's] motion seeking satisfaction of the judgment against him based upon Prudential's having tendered payment of its $15,000 policy limits.

Because the issues of liability and the actual amount of damages were already determined, [the lower court's] order of October 19, 1994 further ordered entry of judgment against [appellant] in the amount of $110,000, based on the belief that [appellant] was not entitled to credit for the collateral payment made to [appellee] by his under-insured motorist carrier, especially while the latter's subrogation lien remained outstanding.

Trial Opinion 12/15/94 at 1–2.[1]

█ The trial court has the discretion to mark the judgment as satisfied, and an appellate court will not disturb its determination absent an abuse of discretion. Compare *Beck v. Beck*, 435 Pa.Super. 449, 451, 646 A.2d 589, 590 (1994), *alloc. denied*, 540 Pa. 575, 655 A.2d 508 (1995) (a petition to strike

1. The order dated October 19, 1994, was entered on October 20, 1994, and was subsequently reduced to judgment. By order dated November 21, 1994, the lower court granted appellee's motion to mold the verdict for delay damages. That order was entered on December 19, 1994, and was reduced to judgment on January 9, 1995. Appellant timely filed notices of appeal from both judgments.

the entry of satisfaction of judgment is addressed to the discretion of the trial court). "Under Pennsylvania law, generally, an appellate court will find an abuse of discretion if the record shows that, 'the law has been overridden or misapplied, or that the judgment exercised by the Court was manifestly unreasonable or motivated by partiality, prejudice, bias or ill-will.' " *Buchanan v. Century Federal Sav. & Loan Ass'n*, 259 Pa.Super. 37, 47, 393 A.2d 704, 709 (1978), quoting *Rosenberg v. Silver*, 374 Pa. 74, 77, 97 A.2d 92, 94 (1953).[2]

■ The crux of appellant's argument is that by not marking the judgment of $110,000 from the arbitration proceeding as satisfied ($15,000 paid by appellant; $95,000 paid by Commercial Union), the lower court has improperly allowed appellee to acquire a windfall or double recovery. To buttress his assertion, appellant relies chiefly upon our court's decisions in *Incollingo v. Maurer*, 394 Pa.Super. 352, 575 A.2d 939 (1990); *Sterling v. Fineman*, 428 Pa.Super. 233, 630 A.2d 1224 (1993); and *Johnson v. Beane*, 420 Pa.Super. 193, 616 A.2d 648 (1992).

In *Incollingo*, 394 Pa.Super. at 358–62, 575 A.2d at 942–43; and in *Sterling*, 428 Pa.Super. at 243, 630 A.2d at 1230, our court held that plaintiffs were collaterally estopped from litigating the issue of damages, as that matter had been fully litigated in the arbitration proceedings. Here, appellee concedes that he is barred from re-litigating the amount of damages. In *Incollingo, supra*, and in *Sterling, supra*, our court did not rule upon the question of whether judgment should be marked as satisfied.

In *Johnson*, 420 Pa.Super. at 195–96, 616 A.2d at 650, the plaintiff brought a garnishment action against defendant's insurance carrier for acting in bad faith in failing to settle the claim arising from an automobile accident. We find that *Johnson, supra* is not dispositive nor instructive of our assessment of the issue in this case. Here, unlike the circumstances in *Johnson, supra*, we are not presented with a garnishment action against the insurance carrier of the defendant. In the

2. We note that appellant's counsel has failed to include a statement of the scope and standard of review in the brief. We direct counsel's attention to Pa.R.A.P. 3518(a), 42 Pa.C.S.A.

270

case at bar, the underlying action involves defendant-appellant's liability to plaintiff-appellee, and plaintiff-appellee did not waive his right of recovery against defendant-appellant.

The specious nature of appellant's contention is that he is liable only for his insurance policy limit and not liable for the judgment. We note that appellant does not assert that he is "judgment proof". If we were to embrace appellant's position, we would essentially make the injured party's underinsured motorist carrier an insurer of the tortfeasor. We decline to allow the tortfeasor to reap the benefits from the injured party's under-insured protection. "In interpreting the MVFRL [Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.A. § 1701 et seq.], cases of doubt will be resolved in favor of the insured to afford the greatest possible coverage to injured claimant." *Panichelli v. Liberty Mut. Ins. Co.*, 435 Pa.Super. 290, 295, 645 A.2d 865, 867 n. 3 (1994) (citation omitted) (injured claimant not overcompensated where he recovered benefits he paid with premiums). We find that the lower court correctly rejected the argument that failure to mark the judgment as satisfied permits appellee to acquire a double recovery or a windfall. Consequently, we hold that the court below did not abuse its discretion in denying appellant's motion to mark the judgment as satisfied with respect to appellee and his underinsured motorist carrier, Commercial Union.

Appellant also maintains that the lower court erred in granting appellee's motion to mold the verdict for delay damages. "The argument shall be … followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a), 42 Pa.C.S.A. Arguments that are not appropriately developed are waived. *Nimick v. Shuty*, 440 Pa.Super. 87, 100, 655 A.2d 132, 138 (1995); *Smith v. Penbridge Assoc., Inc.*, 440 Pa.Super. 410, 427, 655 A.2d 1015, 1024 n. 12 (1995). Appellant has failed to cite any authority in support of his contention that the lower court erred in awarding delay damages to appellee. Thus, we deem that claim

waived.[3]

Having scrutinized appellant's points of error and finding that they do not avail relief to appellant, we, accordingly, affirm the judgments entered by the lower court.

Judgments affirmed.

3. Even if we found that appellant did not waive his challenge to the court's award of delay damages to appellee, we would conclude that it lacked merit. The viability of this contention hinges upon the finding that the lower court erred in failing to mark the judgment as satisfied.