## Newman v. Lombardo

C.P. of Delaware County, no. 97-21140.

*John C. Coste,* for plaintiffs.
*J. Michael Kvetan,* for defendant Lombardo.
*John S. Kokonos,* for defendant Marion.

McGOVERN JR., *J.,* March 3, 2000—Plaintiffs have filed this appeal from the court's denial of their motion for post-trial relief.

The defendant, Darci Ann Lombardo, on January 21, 1997, drove her motor vehicle out of a small driveway or alley, crossing through a line of standing cars southbound on Lincoln Avenue and moving into a second southbound lane, intending to cross the double yellow line dividing Lincoln Avenue and then to make a left-hand turn. Defendant Lombardo, however, collided with defendant, Hunter Marion, who was operating his motor vehicle in the second or left southbound lane of Lincoln Avenue. The 74-year-old Hunter Marion was, immediately prior to the collision, in the process of stopping his car at a red light and he was therefore travelling "very slow." (9/20/99 N.T. 164.) The mild impact from this collision caused Ms. Lombardo's 1984 Honda Prelude to be pushed into the rear of plaintiffs' vehicle which

was stopped at the red light. The damage to plaintiffs' vehicle was minimal. (9/20/99 N.T. 65 and exhibits D1, D3, D4.) No ambulance was summoned. Plaintiffs did not require medical attention at the scene. (9/20/99 N.T. 89.) Plaintiffs drove their car away from the scene.

Plaintiffs' physician, Dr. Rogowski, a chiropractor who only represents patients referred by attorneys, testified as to the adult plaintiffs' alleged injuries. (9/20/99 N.T. 149.) Defendants presented only the testimony of defendant, Hunter Marion, and exhibit D4 in their case. The jury deliberated and unanimously determined that the defendant, Darci Ann Lombardo, was negligent but that her negligence was not a substantial factor in bringing about any harm to any of the plaintiffs. The jury concluded that the defendant, Hunter Marion, was not negligent.[1] Plaintiffs' timely post-trial motions were denied and this appeal followed.

Plaintiffs' "statement of matters complained of on appeal," filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), contends that the trial court erred in denying post-trial relief, erred in failing to grant a judgment n.o.v. as to causation, erred in failing to find the jury's verdict contrary to the weight of the evidence, erred in failing to find the jury's verdict was contrary to law, and erred in allowing the trial to be called on a Jewish holiday.

## WAIVER

While plaintiffs raise boilerplate issues in their concise statement of matters complained of on appeal, they

---

1. Plaintiffs sought to recover compensatory damages for plaintiff, Francis J. Newman, a minor, plaintiff, Katie E. Newman and plaintiff, Kathleen M. Harkins. Plaintiffs also sought to recover damages for loss of consortium to James Newman and James Harkins.

raised but two issues in post-trial motions. Plaintiffs, in their post-trial motions, inquired "Should the jury verdict of zero damages be overturned and a new trial be granted on the issue of damages?" and "Did the court err in calling this case for trial on Yom Kippur thereby excluding a significant portion of the general population from the jury trial?" A fair reading of plaintiffs' brief accompanying their post-trial motion, suggests that plaintiffs' contention basically involves the weight of the evidence.[2] Plaintiffs have failed to raise any specific issue for error by this court suggesting that it warrants a new trial. Plaintiffs have also failed to provide any argument or legal citation for any such proposition. It is clear that the Pennsylvania Rule of Appellate Procedure 2119(a) provides that any argument alleging court error shall be "followed by such discussion and citation of authorities as are deemed pertinent." Arguments that are not appropriately developed are waived. *Nimick v. Shuty,* 440 Pa. Super. 87, 655 A.2d 132 (1995); *Smith v. Penbridge Associates Inc.,* 440 Pa. Super. 410, 655 A.2d 1015 (1995); *Gallagher v. Sheridan,* 445 Pa. Super. 266, 665 A.2d 485 (1995). It is an appellant who has the burden of establishing his entitlement to relief by showing that the ruling of the trial court is erroneous under the evidence or the law. *Commonwealth ex rel. Robinson v. Robinson,* 505 Pa. 226, 478 A.2d 800 (1984).

Where an appellant fails to cite authority in support of a contention, the claim is waived. *Gallagher v. Sheridan, supra;* see also, *Hercules v. Jones,* 415 Pa. Super. 449,

---

2. Although plaintiffs' post-trial motions requested a new trial limited to damages, such a result would be legally impossible since this jury found no legal cause connected with the only negligence that they found on the part of defendant, Darci Ann Lombardo.

609 A.2d 837 (1992). Therefore, if this matter were presented to an appellate court, as it has been, the law in Pennsylvania would require that all issues save the weight of the evidence, and the listing on a Jewish holiday would be waived.

Further, Pennsylvania Rule of Civil Procedure 227.1(b) provides that

"Post-trial relief may not be granted unless the grounds therefor,

"(1) . . . were raised . . . by motion, objection, point for charge, . . . offer of proof or other appropriate method at trial; and

"(2) are specified in the motion. The motion shall say how the grounds were asserted. . . . Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds." Pennsylvania Rule of Civil Procedure 227.1(b).

Plaintiffs have failed utterly in complying with this rule and therefore all grounds, other than the weight of the evidence arguments have been waived. *Frank v. Peckich,* 257 Pa. Super. 561, 391 A.2d 624 (1978); *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974). Indeed, Pennsylvania appellate courts have held they would not consider a claim which has not been called to the trial court's attention at or reasonably near the time of an alleged error so as to allow an opportunity to correct the matter. *Noecker v. Johns-Manville Corp.,* 355 Pa. Super. 463, 513 A.2d 1014 (1986); *Takes v. Metropolitan Edison Co.,* 440 Pa. Super. 101, 655 A.2d 138 (1995). It is the movants' responsibility to assist the trial court in preventing error at the trial stage wherever there is the opportunity to correct.

It is respectfully submitted that all of the foregoing grounds except the weight of the evidence argument have been waived.

Further, plaintiffs' second contention suggesting that there was error in the court's calling this trial on a Jewish holiday, Yom Kippur, has likewise been waived because plaintiffs never raised that issue until their post-trial motions. The notes of testimony are silent as to any such issue and, indeed, when the court inquired of counsel as to whether they were ready for trial, plaintiffs' counsel responded affirmatively, without objection.[3] (N.T. 8, l. 12.) When this court inquired of counsel whether there was anything further before the jury was sworn, counsel for plaintiffs responded, "I have nothing further, your honor." (N.T. 17, l. 15.) Finally, at the conclusion of this court's instructions to the jury, counsel were asked by the court:

"Alright. Do you have any exceptions, corrections, additions, deletions to the court's charge for the plaintiffs, Mr. Coste: no, your honor." (9/20/99 N.T. 235, ll. 4-9.)

This court is unable to find any observation, request or exception by plaintiffs at any time in correspondence or in this record before plaintiffs' post-trial motions which were filed September 27, 1999, suggesting that the trial date conflicted with a Jewish holiday. Therefore, pursuant to the law of this Commonwealth and its appellate courts, plaintiffs have clearly waived this contention as well.[4]

---

3. It is observed that the notes of testimony filed December 23, 1999 indicate that the date of this trial was September 29, 1999. This court's records, however, indicate that the proper date is September 20, 1999.

4. Because of the serious nature of this latter contention, however, it will be treated briefly in this opinion.

## WEIGHT OF THE EVIDENCE

Plaintiffs seem to contend that a judgment n.o.v. should be entered, finding that there was, in fact some harm legally caused by the defendant Lombardo's negligence. However, the extreme relief of setting aside a jury's verdict will be granted only in a clear case where the facts are such that no two reasonable minds could fail to agree that a verdict or finding was improper. *Pirozzi v. Penske Olds-Cadillac-GMC,* 413 Pa. Super. 308, 605 A.2d 373 (1992). It clearly cannot be said as a matter of law that no two reasonable minds could differ in finding of legal cause in the case at bar. *Thomas v. Allegheny and Eastern Coal Company,* 309 Pa. Super. 333, 455 A.2d 637 (1982). This extraordinary relief is not the appropriate action where the verdict is found to be against the weight of the evidence. There, a new trial is in order if the record warrants it.

Although plaintiffs requested a judgment n.o.v. because that relief is clearly inappropriate, the plaintiffs' contentions, therefore, will be weighed against the standards applicable to the grant of a new trial. Here, the court is required to consider all competent evidence and determine whether the verdict was against the clear weight of the evidence or whether there was clear error of law, or a palpable abuse of discretion on the part of the trial court. *Klyman v. SEPTA,* 331 Pa. Super. 172, 480 A.2d 299 (1984); *Tyus v. Resta,* 328 Pa. Super. 11, 476 A.2d 427 (1984). Abuse of discretion by a trial court can be found only where there is clear and convincing evidence of such. Where the trial court's decision is valid on any ground, it will be upheld. *Dalton v. Dalton,* 409 Pa. Super. 258, 597 A.2d 1192 (1991). The record must

be examined to determine whether the trial court clearly and palpably abused its discretion or committed an error of law which controlled the outcome of the case. *Stevenson v. General Motors Corporation,* 513 Pa. 411, 521 A.2d 413 (1987); *Solomon v. Baum,* 126 Pa. Commw. 646, 560 A.2d 878 (1989). Abuse of discretion is not merely an error of judgment but rather, if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias, or ill will as shown by the evidence or the record, then discretion is abused. *Spitzer v. Tucker,* 404 Pa. Super. 539, 591 A.2d 723 (1991). A new trial will be awarded only where the verdict is so contrary to the evidence as to shock the court's sense of justice. *Palange v. City of Philadelphia, Law Department,* 433 Pa. Super. 373, 640 A.2d 1305 (1994); *Giovanetti v. Johns-Manville Corp.,* 372 Pa. Super. 431, 539 A.2d 871 (1988); *Ludmer v. Nernberg,* 433 Pa. Super. 316, 640 A.2d 939 (1994).

As has hereinabove been seen, plaintiffs at no point have indicated any error of law by this court nor have plaintiffs directed this court's attention to any place in the record that would suggest the court's judgment was manifestly unreasonable or the result of partiality, prejudice, bias, or ill will.

Plaintiffs' proposed relief seeks to have the court find that there was negligence on the part of both defendants and that such was a legal cause of harm to all of the plaintiffs.[5] Plaintiffs have indicated no place in this record

___

5. As has already here and above been observed, plaintiffs sought a judgment n.o.v. which this court, compelled by the law, treats as a request for a new trial. Plaintiffs specifically requested in their motion for post-trial relief that "the verdict is amended to read as follows:

where the trial judge erred in his rulings and, as has hereinabove been observed, plaintiffs had no exception upon the completion of the court's instructions to the jury. Plaintiffs have no objection to any evidentiary ruling by the trial judge. Therefore, the only basis that could possibly exist for a new trial would be that the verdict is against the weight of the evidence.

The evidence, as has been seen, indicates that the defendant, Darci Ann Lombardo, exited from a small driveway passing through a standing line of traffic into a moving line of southbound traffic and there collided with the other defendant who was travelling "very slow." (9/20/99 N.T. 164.) Plaintiff, Kathleen M. Harkins (mother of the driver), and plaintiff, Katie E. Newman (the driver), could not contradict defendant's testimony as to the careful nature of defendant Marion's driving because the first the plaintiffs knew of the accident was at the impact. (N.T. 57-58, 80.) Therefore, there was no evidence in this trial upon which a jury could impact. (N.T. 57-58, 80.) Therefore, there was no evidence in this trial upon which a jury could possibly have found the defendant, Hunter Marion, negligent since the only testimony was that he was carefully and cautiously proceeding prior to the impact from Ms. Lombardo. The defendant, Hunter Marion, testified that: defendant, Darci Ann Lombardo,

---

'Verdict in favor of plaintiffs, Francis Newman, Katie E. Newman, James Newman, Kathleen M. Harkins and James Harkins, and against defendants, Darci Ann Lombardo and Hunter Marion, on the issues of whether the defendants were negligent and whether the defendants' negligence was a substantial factor in causing injury to the plaintiffs.' " (Plaintiffs' proposed order accompanying plaintiffs' brief in support of motion for post-trial relief.)

"As I was approaching that alleyway, a car shot out and hit me on my front right part of my car . . . it bounced off me . . . ." (9/20/99 N.T. 165-66.)

Defendant, James Newman, also testified concerning this aspect of the accident. He was in the car behind his mother-in-law and wife, other plaintiffs. He testified that Ms. Lombardo "just shot across . . . ." (9/20/99 N.T. 107, 108.) This witness claimed that Mr. Marion struck Ms. Lombardo. Although barely, one can conclude that there is adequate evidence in this record to support the jury's verdict finding Ms. Lombardo negligent.

The impact in this matter was minimal. Plaintiffs did not strike the vehicle in front of them which was also stopped for the red light. (9/20/99 N.T. 95.) As has already been seen, this incident involved very little speed and very slight impact. (9/20/99 N.T. 80, 107-109, 165, 168, 171.) None of the plaintiffs required any medical attention at the scene and no ambulance was called. The plaintiffs drove home in their own car following this incident. (9/20/99 N.T. 89.) The minor, Francis J. Newman, was examined once by his pediatrician and was found uninjured. (9/20/99 N.T. 80.) And the plaintiffs, Katie Newman and Kathleen Harkins, treated not with their family doctors but with a chiropractor that they saw one or two days after the accident following their visit to an attorney. (9/20/99 N.T. 59, 61, 70, 84, 96, 97.) The chiropractor testified that he discharged both of these women about two months after the accident with instructions to return if they had further problems. Neither returned. (9/20/99 N.T. 152-53, 155.) Both of those plaintiffs, however, complained at trial that they were still suffering from this collision. Further, it was clear that Mrs. Newman had consulted other physicians but only the chiropractor was called at trial.

Therefore, in light of the foregoing, which represents only some of the testimony in this trial, a jury had ample evidence upon which to conclude that Ms. Lombardo's negligence was not a substantial factor in causing any of these plaintiffs harm. Certainly, this trial judge's conscience is not shocked by the jury's verdict but rather this record supports the conclusion that the verdict was indeed supported by greater than a fair preponderance of the evidence. *Hilbert v. Katz,* 309 Pa. Super. 466, 455 A.2d 704 (1983). This jury, in all likelihood, found plaintiffs' testimony as to injuries and physical impact to be incredible along with the testimony offered from plaintiffs' chiropractor, who only takes referrals from lawyers.

Since there is simply no basis in this record upon which one can conclude that the verdict was against the clear weight of this evidence, there can be no error in this court's denial of defendant's motions for post-trial relief.

## YOM KIPPUR

Although this court is convinced that this issue has been waived by plaintiffs, because of the unfortunate nature of the accusation, this court believes it is compelled to briefly respond.

Plaintiffs argue that by holding this trial on Yom Kippur, the plaintiffs were deprived of a significant portion of the general population which would otherwise be eligible for service on this jury.

The plaintiffs' bold assertion in this regard is not only waived, but also fails to meet even a modicum of credibility. Initially, there is no evidence in this record that September 20, 1999 was Yom Kippur. This court, how-

ever, is willing to take judicial notice sua sponte of the calendar in that regard. Plaintiffs, however, have failed to produce any evidence that Jewish members of the community were not included in the general venire or in the venire panel made available for this particular jury trial. Indeed, plaintiffs have failed to establish that no member of this jury was Jewish. Plaintiffs have failed to indicate as to whether or not they were Jewish. But on a broader scale, plaintiffs have failed to indicate that by this court's calling jurors in on September 20, it has indeed deprived litigants of the opportunity to select Jewish jurors for their trials. There is no constitutional right in this regard, nor depravation thereof nor pleading, nor argument as to any such suggestion.

It must be said that this court has not ever, nor is it now, nor did it in this case, in any way discriminate against any party because of race, religion or any other unconstitutional basis.

Plaintiffs present the matter of *Commonwealth v. Craver,* 547 Pa. 17, 688 A.2d 691 (1997), as authority to support their position. The Pennsylvania Supreme Court there held that, in order to establish a prima facie violation of the requirement that the jury array fairly represent the community, defendants must show that the group allegedly excluded is a distinctive group in the community, that representation of the group in venires from which juries are selected is not fair and reasonable in relation to the number of such people in the community, and that under-representation is due to systematic exclusion of the group in the jury selection process. Systematic means caused by or inherent in the system by which juries are selected. The court's citing *Duren v. Missouri,* 439 U.S. at 64, 99 S.Ct. at 668, 58 L.Ed.2d at 586-87.

This same Pennsylvania Supreme Court noted that "in *Commonwealth v. Jones,* 465 Pa. 473, 350 A.2d 862 (1976), this court upheld Delaware County's method of using voter registration list to create its jury array. Since that time, the county's jury pool has been made more inclusive by adding to the pool list of those holding driver's licenses as permitted by 42 Pa.C.S. §4521."

Even a cursory glance at the Supreme Court's opinion in *Commonwealth v. Craver, supra,* will indicate the shallowness of plaintiffs' contention. There is not a scintilla of evidence presented anywhere in this record that suggest a group, here Jewish, was in fact excluded. There is no indication of the representative numbers of that group in the community nor is there any indication of the representative numbers of the Jewish community that were called for jury duty on the date in question or during the year in question. Plaintiffs have not even proffered an argument that "the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such people in the community." Finally, and quite significantly, plaintiffs have failed to show that there is any systematic exclusion of people who would celebrate Yom Kippur in this county's jury selection process.

While not a matter of this record, this opinion cannot be concluded without the observation that plaintiffs' counsel has never by letter, telephone call, or any other means of communication requested that this trial be held on a date other than Yom Kippur. The first time this issue was raised was in post-trial motions.

It is this court's conclusion that plaintiffs' contention in this regard is meritless and even reprehensible since plaintiffs have not only waived this contention but also

have failed to support such a contention by evidence, a record of any sort, or law. Indeed, the case authority presented by plaintiffs presents ample legal authority to support the denial of plaintiffs' post-trial motions in this regard.

It is respectfully suggested that for the foregoing reasons the denial of plaintiffs' post-trial motions was neither an error of law nor an abuse of discretion and that plaintiffs' grounds are without merit and therefore the trial court properly denied plaintiffs' post-trial request for relief.