**FORT CHERRY SCHOOL DISTRICT and Borough of McDonald**

v.

**John C. GEDMAN, Robin M. Gedman, County of Allegheny, West Allegheny School District and North Fayette Township.**

**Appeal of: John C. Gedman and Robin M. Gedman.**

Superior Court of Pennsylvania.

Submitted Nov. 28, 2005.
Filed Feb. 21, 2006.

Lawrence E. Bolind, Jr., Imperial, for Gedman, appellants.

Jeffrey A. Watson, Washington, for Borough of McDonald, appellee.

Vincent A. Tucceri, Pittsburgh, for North Fayette, appellee.

Anthony G. Giglio, Pittsburgh, for West Allegheny, appellee.

Frederick J. Wolfe, Pittsburgh, for Fort Cherry, appellee.

BEFORE: MUSMANNO, KLEIN,° and JOHNSON, JJ.

OPINION BY JOHNSON, J.:

¶ 1 John C. Gedman and Robin M. Gedman ("the Gedmans") appeal the trial court's entry of summary judgment in favor of the Fort Cherry School District ("Fort Cherry"). In support of their appeal, the Gedmans argue that the trial court erred when it granted summary judgment because genuine issues of material fact existed and because the Gedmans wanted to engage in additional discovery so that they could prove a certain defense. We find that the trial court did not err in granting summary judgment in favor of Fort Cherry. Consequently, we affirm the trial court's entry of summary judgment.

¶ 2 The trial court set forth the following recitation of the relevant factual history:

Fort Cherry School District comprises Mt. Pleasant Township, Midway Borough and Robinson Township (all located entirely in Washington County) and McDonald Borough (located partly in Washington County and partly in Allegheny County). Prior to July 1, 1921, McDonald Borough was located exclusively in Washington County. However, by Ordinance No. 186 dated July 1, 1921, McDonald Borough annexed a portion of the adjoining North Fayette Township which was located entirely within Allegheny County, through a procedure then in place under the Borough Code. The annexation procedure had the effect of making the annexed property part of McDonald Borough, but it did not change, nor was it intended to change, the County. As such, McDonald Borough's boundaries have included, since July 1, 1921, a portion of Allegheny County. The portion of McDonald Borough that extends into Allegheny County (*i.e.* the portion that was part of North Fayette Township prior to July 1, 1921) is referred to as the Mc-Donald Borough Annex. The annexed portion of the McDonald Borough is and has been part of the territory and jurisdiction of the Fort Cherry School District since the District was formed in 1959.

The Gedman Defendants are the owners of (and reside at) 430 East Lincoln Avenue in McDonald Borough. This property is part of the property added to McDonald Borough in the 1921 annexation. It is designated as Block and Lot No. 9841–X–217 in the Allegheny County Deed Registry. This property has been in the Gedman family for several generations. In fact, Defendant John Gedman lived in the subject property as a boy, attended the Fort Cherry schools, and graduated from the Fort Cherry School District in 1984.

In 1994 the Gedman Defendants purchased the subject property out of the estate of John Gedman's great grandmother. The deed was prepared by the Gedman Defendants' attorney. It appears that the 1994 Gedman deed apparently copied the metes and bounds from the 1917 deed and failed to reflect that the property had been located in McDonald Borough since 1921. Thus, the new deed erroneously reported that the property was in North Fayette Township.

The Gedmans continued, however, to send their children to schools in the Fort Cherry School District, to pay real estate and earned income taxes to Fort Cherry and McDonald, and to vote in elections for officials of McDonald and Fort Cherry.

At some point, however, the Gedman Defendants sought to transfer their children out of Fort Cherry and into the West Allegheny School District. The Gedmans claim ... that during their appeal of the real estate assessment of

the subject property, they learned for the first time that their deed stated that the property was located in North Fayette Township.

The Gedmans then had their attorney prepare an agreement [ ] pursuant to which the Gedmans requested that Fort Cherry consent to transfer the Gedman children to West Allegheny County School District and relinquish tax jurisdiction. According to this document, "the subject property is located in . . . North Fayette Township which is within the tax jurisdiction of West Allegheny County School District." The business manager for Fort Cherry accepted as true the representations of the Gedmans (that their property was in North Fayette) and signed the agreement. [The Gedmans made similar overtures to officials at the West Allegheny School District and as a result, both Fort Cherry and West Allegheny signed agreements transferring the Gedman children to the West Allegheny School District and the county changed the school district designation to West Allegheny and new tax bills were generated.]

Approximately one school year later, upon investigation by its solicitor, Fort Cherry learned of the mistake, *i.e.* learned that the representations of the Gedmans were not true, that the subject property was not in North Fayette Township after all. Accordingly, Fort Cherry brought this action to have the subject property returned to the tax rolls of the Fort Cherry School District.

Trial Court Opinion ("T.C.O."), 08/19/05, at 2–3 (citations omitted).

¶ 3 Fort Cherry filed the complaint on December 5, 2003. Nearly a year and a half after the case was originally brought, Fort Cherry moved for summary judgment on March 1, 2005. In its opinion, the trial court found that "every document in

the record unequivocally states that the property in question is located in McDonald/Fort Cherry" and recognized that the Gedmans repeatedly admitted that fact. T.C.O., 08/19/05, at 4. The trial court found that the property was located in McDonald Borough, that the Gedmans materially misrepresented the location of their property, and that the agreement with Fort Cherry was based upon the material misrepresentation. T.C.O., 08/19/05 at 4–5. For those reasons, the trial court concluded that Fort Cherry had the right to rescind the Agreement and granted summary judgment in its favor. T.C.O., 08/19/05, at 6.

¶ 4 Following the trial court's decision, the Gedmans appealed to this Court. The Gedmans present one question for our review:

A. Should summary judgment be granted where there are genuine issues of material fact and where additional discovery and/or reports by expert witnesses that could prove a defense have not been completed?

Brief for Appellant at 4.

¶ 5 Preliminarily, we note that Fort Cherry argues that this Court does not have jurisdiction to decide this appeal. Brief for Appellee at 10. Fort Cherry argues that the Commonwealth Court has exclusive jurisdiction over this appeal and that the Gedmans should have filed this appeal in the Commonwealth Court pursuant 42 Pa.C.S. section 762(a)(4)(i). Brief for Appellee at 10. We disagree. Section 762(a)(4)(i) provides that the Commonwealth Court has exclusive jurisdiction over local government civil and criminal matters, including those arising under "any municipality, institution district, public school, planning or zoning code or under which a municipality or other political subdivision or municipality authority may

be formed or incorporated" or where the suit requires the interpretation of a statute regulating affairs of political subdivisions, home rule charters or statutes relating to elections. 42 Pa.C.S. § 762(a)(4)(i). This case involves the location of the Gedmans' property and does not invoke the limited set of circumstances which confer exclusive jurisdiction upon the Commonwealth Court. As such, we have jurisdiction to decide this appeal.

¶ 6 Our scope of review of a trial court's order disposing of a motion for summary judgment is plenary. *See Harber Philadelphia Center City Office Ltd. v. LPCI Ltd. P'ship,* 764 A.2d 1100, 1103 (Pa.Super.2000). Therefore, we must consider the order in the context of the entire record. *See Basile v. H & R Block, Inc.,* 777 A.2d 95, 101 (Pa.Super.2001). Our standard of review is the same as that of the trial court; we determine whether the record documents a question of material fact concerning an element of the claim or defense at issue. *See Chada v. Chada,* 756 A.2d 39, 42 (Pa.Super.2000). If no such question appears, the court must then determine whether the moving party is entitled to judgment on the basis of substantive law. *See id.* Conversely, if a question of material fact is apparent, the court must defer the question for consideration of a jury and deny the motion for summary judgment. *See McCarthy v. Dan Lepore & Sons Co., Inc.,* 724 A.2d 938, 940 (Pa.Super.1998) (defining grounds for proper grant of summary judgment).

¶ 7 The standard of review of a trial court's entry of summary judgment is well-established. We shall reverse a grant of summary judgment "only if the trial court has committed an error of law or abused its discretion." *Weber v. Lancaster Newspapers, Inc.,* 878 A.2d 63, 71 (Pa.Super.2005) (citation omitted). "Judicial discretion requires action in conformity with law based on the facts and circumstances before the trial court after hearing and consideration." *Gutteridge v. A.P. Green Servs. Inc.,* 804 A.2d 643, 651 (Pa.Super.2002). "Where the discretion exercised by the trial court is challenged on appeal, the party bringing the challenge bears a heavy burden." *Paden v. Baker Concrete Constr., Inc.,* 540 Pa. 409, 658 A.2d 341, 343 (1995) (citation omitted). On appeal from a grant of summary judgment, "we must examine the record in a light most favorable to the non-moving party." *Gutteridge,* 804 A.2d at 651.

¶ 8 In their appeal, the Gedmans argue that the trial court erred because the fact that the previous owner of the disputed property paid property taxes to North Fayette Township after the annexation constitutes a material fact that precludes summary judgment. Brief for Appellant at 7. The Gedmans also argue that summary judgment was improper because they were not able to complete discovery before Fort Cherry moved for summary judgment. Brief for Appellant at 8.

¶ 9 As the trial court found, the overwhelming, uncontradicted evidence in this case establishes that the Gedmans' property is in Fort Cherry. In support of their argument that a material fact exists, the Gedmans have attached an affidavit and exhibits which show that a William C. Smith paid taxes to Allegheny County during various years ranging from 1922 and 1932. Even assuming that William Smith lived at the property that is at issue in this case, we do not find the fact that an individual living at the Gedmans' address paid taxes to Allegheny County over 75 years before the current law suit was filed, is a material fact.

¶ 10 Pursuant to Pennsylvania Rule of Civil Procedure 1035.2(1), a court may grant summary judgment where there is no genuine issue of material fact.

"A material fact is one that directly affects the outcome of the case." *Fortney v. Callenberger*, 801 A.2d 594, 597 (Pa.Super.2002). Disputed facts which are not critical to the issue in the petition will not preclude summary judgment. *See Larsen v. Philadelphia Newspapers, Inc.*, 411 Pa.Super. 534, 602 A.2d 324, 335 (1991) (plurality) The Gedmans admitted that the property was located in McDonald and Fort Cherry and that the property is not located within the boundaries of North Fayette Township or West Allegheny School District. *See* Defendant's Reply to Request for Admissions, 01/10/05, Nos. 5–10. Because the additional information contained in the Gedmans' affidavit and the accompanying documents are not material, the Gedmans have failed to show that the trial court abused its discretion or erred as a matter of law when it granted Fort Cherry motion for summary judgment.

¶ 11 The Gedmans also argue that Fort Cherry's motion for summary judgment was premature because it was filed before the Gedmans had an opportunity to complete discovery. Brief for Appellant at 8. The Gedmans argue that pursuant to Pennsylvania Rule of Civil Procedure 1035.2, a party must be given adequate time to develop his or her case. Brief for Appellant at 8–9. Further, the Gedmans argue that they were not provided with adequate time to complete discovery with respect to issues of material fact that are currently in dispute. Brief for Appellant at 9.

¶ 12 Preliminarily, we note that the Gedmans do not cite any authority, other than the Rule of Civil Procedure, in support of this argument, nor do they provide any supporting facts. As such, this Court finds that the argument is waived. *See Gallagher v. Sheridan*, 445 Pa.Super. 266, 665 A.2d 485, 487 (1995) ("Arguments that are not appropriately developed are waived."); *see also Korn v. Epstein*, 727 A.2d 1130, 1135 (Pa.Super.1999) ("Where the appellant has failed to cite any authority in support of a contention, the claim is waived.") (citation omitted).

¶ 13 Even if we were to reach the merits of the Gedmans' argument, it would also fail. The Gedmans have had nearly a year and a half between the date Fort Cherry and McDonald brought suit, December 5, 2003, and the date that Fort Cherry moved for summary judgment, March 1, 2005, to engage in discovery relevant to this issue. The Gedmans do not provide an explanation for why 15 months was not adequate. This lack of explanation is especially glaring given the nature of the discovery they allegedly have yet to complete, which appears to be nothing more than having an engineering firm review the metes and bounds of their own property to determine if it is part of the West Allegheny School District. *See* Affidavit of the Gedmans, 03/29/05, at 2. The Gedmans had nearly a year and a half to have the property reviewed, but failed to do so. The Pennsylvania Rules of Civil Procedure do not give the Gedmans an unlimited amount of time to conduct discovery. The trial court did not abuse its discretion in granting summary judgment in favor of Fort Cherry. *See, e.g., Jacques v. Akzo Int'l Salt, Inc.*, 422 Pa.Super. 419, 619 A.2d 748, 750–51 (1993) (stating that a motion for summary judgment was not premature where plaintiff failed to conduct any discovery during the six month period following the plaintiff's filing of the complaint and the defendant's motion for summary judgment); *see also Wolloch v. Aiken*, 572 Pa. 335, 815 A.2d 594, 597 (2002) (holding that trial court properly entered summary judgment against plaintiff where plaintiff failed to submit expert report before close of discovery period).

¶ 14 For all the foregoing reasons, we affirm the trial court's Order.

¶ 15 Order **AFFIRMED.**