J. A21001/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| U.S. NATIONAL BANK ASSOCIATION | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MARIA RAMOS A/K/A | : | |
| MARIA D. RAMOS AND | : | |
| JUAN RUGLIANCICH A/K/A | : | |
| JUAN CARLOS RUGLIANCICH | : | No. 3037 EDA 2015 |
| | : | |
| APPEAL OF:  MARIA RAMOS | : | |

Appeal from the Judgment Entered September 1, 2015,
in the Court of Common Pleas of Bucks County
Civil Division at No. 2014-03471

BEFORE:  BOWES, J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED FEBRUARY 24, 2020**

Maria Ramos a/k/a Maria D. Ramos appeals from the September 1, 2015 judgment entered in favor of appellee, U.S. National Bank Association ("U.S. Bank"), in this mortgage foreclosure action, following the trial court's order granting U.S. Bank's motion for summary judgment.  After careful review, we affirm.[1]

The trial court summarized the relevant facts and procedural history of this case as follows:

> A complaint in mortgage foreclosure was filed in the above captioned matter on May 16, 2014.

---

[1] Juan Rugliancich a/k/a Juan Carlos Rugliancich, appellant's husband, is not a party to this appeal.

Appellant's counsel entered his appearance on her behalf on August 1, 2014. A motion for substituted service of the complaint was filed on August 25, 2014, and on September 18, 2014, th[e trial c]ourt entered an order granting substituted service by posting a copy of the complaint at the subject property and sending a copy to the subject property address by certified and regular mail. Unfortunately, th[e trial c]ourt was unaware of [appellant's] counsel's entry of appearance when the motion was forwarded to it for signature. The complaint was reinstated by praecipe on September 30, 2014. An October 7, 2014, certificate of service was filed stating that the complaint was sent by certified and regular mail in accordance with the order. On October 15, 2014, an affidavit of service was filed asserting that the complaint was posted at the property on October 10, 2014. On October 3, 2014, appellant filed a motion for reconsideration of the court order of September 18, 2014, and th[e trial c]ourt scheduled a hearing on November 21, 2014. In the interim, on October 30, 2014, appellant filed preliminary objections to [U.S. Bank's] complaint in the nature of a motion to quash service. At the conclusion of the November 21, 2014[] hearing an order was entered denying the motion for reconsideration as well as appellant's preliminary objections.

Appellant filed an answer and new matter to [U.S. Bank's] complaint on December 19, 2014, and [U.S. Bank] filed a reply to [appellant's] new matter on January 8, 2015. [U.S. Bank] filed a motion for summary judgment on April 6, 2015, and appellant filed a memorandum of law in opposition to [U.S. Bank's] motion for summary judgment on May 4, 2015. A May 4, 2015[] certificate of service was filed stating that [appellant's] response to the motion for summary judgment with [appellant's] cross-motion for summary judgment was served by regular mail on [U.S. Bank's] counsel. (The actual cross-motion was never filed with the [trial] court.) An affidavit of service was filed on May 21, 2015, stating that a copy of the response to [appellant's] interrogatories and request for production of

documents was sent by overnight mail and email to appellant's counsel on May 15, 2015. [U.S. Bank's] response to [appellant's] motion for summary judg[]ment was filed on June 3, 2015.

Trial court opinion, 2/2/16 at 1-2 (extraneous capitalization omitted).

On September 1, 2015, the trial court entered an order granting U.S. Bank's motion for summary judgment and entering judgment in its favor in the amount of $126,782.93, plus interest from January 31, 2015 to the date of the Sheriff's Sale. (*See* trial court order, 9/1/15.) Appellant filed a notice of appeal on September 30, 2015. On October 15, 2015, the trial court directed appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), within 21 days. Appellant filed her Rule 1925(b) statement on November 3, 2015, and the trial court filed its Rule 1925(a) opinion on February 2, 2016. Appellant's appeal was stayed pending the resolution of bankruptcy proceedings, which concluded on February 12, 2019.

Appellant raises the following issues for our review:

1. Whether the trial court erred in [sic] procedurally in granting a motion for alternative service as the presentation of the motion to the [trial c]ourt occurred on [an] ex parte basis to [appellant]?

2. Whether the trial court erred substantively in granting a motion for alternative service posited on the false proposition that [appellant's] whereabouts were unknown not that [appellant] was willfully evading service?

3. Whether the trial court erred in granting summary judgment when written discovery remained open and un-concluded in the case[?]

4. Whether the trial court erred in granting summary judgment when the credibility of the affiant [was] Rule of Civil Procedure 1035.3(a)(1)[?]

Appellant's brief at 5.[2]

Appellant's first two claims allege that the trial court erred as a matter of law in granting U.S. Bank's motion for substituted service of the complaint. In support of this contention, appellant argues that "the presentation of the motion [for substituted service] to the [trial] court occurred on [an] *ex parte* basis." (*Id.* at 10.) Appellant further avers that U.S. Bank's motion was improperly predicated on the false proposition that appellant's whereabouts were unknown. (*Id.* at 10-13.) For the following reasons, we disagree.

Pennsylvania Rule of Civil Procedure 430 governs alternative methods of service and provides, in relevant part, as follows:

(a) If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation[,] which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.

Pa.R.Civ.P. 430(a).

---

[2] For the ease of our discussion, we elect to address some of appellant's claims concurrently.

The explanatory note to Rule 430 further provides that

> [a]n illustration of a good faith effort to locate the defendant includes (1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act [. . .], (2) inquiries of relatives, neighbors, friends, and employers of the defendant, and (3) examinations of local telephone directories, voter registration records, local tax records, and motor vehicle records.

***Sisson v. Stanley***, 109 A.3d 265, 269-270 (Pa.Super. 2015), citing Pa.R.Civ.P. 430(a), *note*, **appeal dismissed as having been improvidently granted**, 141 A.3d 1238 (Pa. 2016).

"The adequacy of this notice, as applied to substituted service, depends upon whether it is reasonably calculated to give the party actual notice of the pending litigation and an opportunity to be heard. Due process, reduced to its most elemental component, requires notice." ***Bank of New York Mellon v. Johnson***, 121 A.3d 1056, 1061 (Pa.Super. 2015) (citations omitted).

Instantly, U.S. Bank filed a motion for substituted service of the complaint on August 25, 2014. Contrary to appellant's contention, U.S. Bank's motion for alternative service was not presented ***ex parte***. The record reflects that on July 23, 2014, U.S. Bank's counsel contacted appellant's counsel via email to inquire whether he would accept service of the complaint on appellant's behalf and notified counsel that U.S. Bank was considering filing a motion for substituted service. Appellant's counsel responded to that email stating that he was not authorized to accept service and confirmed that appellant resided at the mortgaged premises. (***See***

"Motion for Substituted Service Under [Rule] 430(a)," 8/25/14 at Exhibit A.) A certificate of service indicates that said motion was served on appellant's counsel on August 22, 2014, by first-class mail.

The record further belies appellant's contention that U.S. Bank did not engage in a good faith effort to ascertain her whereabouts and effectuate proper service. (*See* appellant's brief at 11-12.) U.S. Bank noted in its motion that the Bucks County Sheriff unsuccessfully attempted to serve appellant at the mortgaged premises no less than four times between May 19 and June 16, 2014. ("Motion for Substituted Service Under [Rule] 430(a)," 8/25/14 at ¶ 4, Exhibit A.) The motion further indicates that the Sheriff left notice for appellant at the mortgaged premises to contact him to arrange service, but appellant failed to respond. (*Id.*) U.S. Bank also stated that it conducted a good-faith investigation to locate appellant, including a search of military service records, death records, employment history, and business records; a Department of Motor Vehicle records search; a creditor header inquiry; and an inquiry of relatives, neighbors, and friends. (*Id.* at ¶ 5, Exhibit A.) U.S. Bank also sent a Freedom of Information Act request to the United States Postal Inspector, the results of which indicated that appellant's mail was being delivered to the mortgaged premises – 2598 Daniels Lane, Emerald Hollow, Quakertown, Pennsylvania 18951. (*Id.* at ¶ 4, Exhibit A.) Consequently, U.S. Bank requested that the trial court enter an order pursuant to Rule 430(a), directing service of the complaint and all future

pleadings by first-class mail and posting of the mortgaged premises. (***Id.*** at

¶ 6.) The trial court granted U.S. Bank's motion for substituted service on

September 18, 2014. Specifically, the trial court permitted U.S. Bank to serve

the complaint and all future pleadings by posting a copy of the complaint at

the mortgaged property and sending a copy to the mortgaged premises by

certified and regular mail. (Trial court order, 9/18/14.)[3] Based on the

foregoing, we conclude that the trial court did not err as matter of law in

granting U.S. Bank's motion for substituted service.

Appellant's final two claims allege that the trial court erred in granting

U.S. Bank's motion for summary judgment. Our standard of review of a trial

court's order granting summary judgment is well settled:

> A reviewing court may disturb the order of the trial
> court only where it is established that the [trial] court
> committed an error of law or abused its discretion. As
> with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter
> summary judgment, we focus on the legal standard
> articulated in the summary judgment rule. The rule
> states that where there is no genuine issue of material
> fact and the moving party is entitled to relief as a
> matter of law, summary judgment may be entered.

---

[3] The record reflects that U.S. Bank fully complied with the trial court's order granting its motion for substituted service. Specifically, on September 26, 2014, U.S. Bank filed an affidavit of service indicating it had mailed a copy of the complaint to appellant's counsel, pursuant to Pa.R.Civ.P. 440. (***See*** certified record at No. 9.) Thereafter, on October 15, 2014, U.S. Bank filed a second affidavit of service indicating that the Sheriff had personally served the complaint by posting it at the mortgaged premises, as well as a certificate of service indicating that it had mailed a copy of the complaint to the mortgaged premises by certified and regular mail. (***See*** certified record at No. 12.)

> Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***JP Morgan Chase Bank, N.A. v. Murray***, 63 A.3d 1258, 1261-1262 (Pa.Super. 2013) (citations and internal quotation marks omitted); ***see also*** Pa.R.Civ.P. 1035.2.

Appellant argues that the trial court erred in granting U.S. Bank's motion for summary judgment because "discovery has not been concluded." (Appellant's brief at 13.) The record belies this contention.

In Pennsylvania, "parties must be given reasonable time to complete discovery before a trial court entertains any motion for summary judgment[.]" ***Reeves v. Middletown Athletic Assoc.***, 866 A.2d 1115, 1124 (Pa.Super. 2004) (citation omitted). Pennsylvania Rule of Civil Procedure 1035.2 governs motions for summary judgment and provides, in relevant part, as follows:

> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law
>
> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense **which**

> **could be established by additional discovery or expert report**, or
>
> (2)  if, **after the completion of discovery** relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.Civ.P. 1035.2 (emphasis added).

This court has unequivocally stated that the purpose of Rule 1035.2 "is to eliminate cases prior to trial where a party cannot make out a claim or defense after relevant discovery has been completed; the intent is not to eliminate meritorious claims prematurely before relevant discovery has been completed." ***Burger v. Owens Illinois***, 966 A.2d 611, 618 (Pa.Super. 2009) (citation omitted). "The adverse party must be given adequate time to develop the case and the motion [for summary judgment] will be premature if filed before the adverse party has completed discovery relevant to the motion." ***Id.***

However, "[t]he Pennsylvania Rules of Civil Procedure do not give [parties] an unlimited amount of time to conduct discovery." ***Fort Cherry School Dist. v. Gedman***, 894 A.2d 135, 140 (Pa.Super. 2006). "[T]he party seeking discovery is under an obligation **to seek discovery in a timely fashion**." ***Anthony Biddle Contractors, Inc. v. Preet Allied Am. St., LP***, 28 A.3d 916, 928 (Pa.Super. 2011) (citation omitted; emphasis added).

Here, the record supports the trial court's determination that discovery was not ongoing at the time it entered its order granting summary judgment in favor of U.S. Bank. (Trial court opinion, 2/2/16 at 8-9.) The record reflects that over eight months elapsed between the date appellant filed her answer and new matter to U.S. Bank's complaint (December 19, 2014) and the date the trial court entered an order granting summary judgment in U.S. Bank's favor (September 1, 2015). The record further reflects that appellant waited until April 16, 2015, **after** U.S. Bank filed its motion for summary judgment, to serve U.S. Bank with discovery. Nonetheless, on May 15, 2015, U.S. Bank timely responded to all of appellant's interrogatories and requests for documents. (**See** affidavit of service, 5/15/15.) Appellant, in turn, did not file any motions or send any correspondence to U.S. Bank suggesting that the discovery was deficient or that additional responses were needed. Accordingly, appellant's claim of trial court error must fail.

Appellant next argues that the trial court erred in granting U.S. Bank's motion for summary judgment because a genuine issue of material fact existed with respect to "the credibility of U.S. Bank." (Appellant's brief at 14.) In support of this contention, appellant relies on the long-standing prohibition against relying solely upon oral testimony in deciding a motion for summary judgment, as set forth in **Nanty-Glo v. American Surety Co. of New York**,

163 A. 523 (Pa. 1932) and Pa.R.Civ.P. 1035.3(a)(1).[4]  (Appellant's brief at

14.)

This court has summarized the *Nanty-Glo* rule as follows:

> The *Nanty-Glo* rule prohibits summary judgment
> where the moving party **relies exclusively** on oral
> testimony, either through testimonial affidavits or
> deposition testimony, to establish the absence of a

---

[4] Pennsylvania Rule of Civil Procedure 1035.3(a)(1) provides as follows:

(a)    Except as provided in subdivision (e), the
adverse party may not rest upon the mere
allegations or denials of the pleadings but must
file a response within thirty days after service of
the motion identifying

(1)    one or more issues of fact arising
from    evidence    in    the    record
controverting the evidence cited in
support of the motion or from a
challenge to the credibility of one or
more witnesses testifying in support
of the motion, or

> *Note*:  If the moving party
> has supported the motion
> with oral testimony only,
> the response may raise the
> defense that there is a
> genuine issue of material
> fact because the cause of
> action is dependent upon
> the      credibility      and
> demeanor of the witnesses
> who  will  testify  at  trial.
> **See Nanty-Glo**[, **supra**];
> **Penn Center House, Inc.
> v. Hoffman**, [] 553 A.2d
> 900 ([Pa.] 1989).

Pa.R.Civ.P. 1035.3(a)(1) (citation formatting amended).

> genuine issue of material fact except where the moving party supports the motion by using admissions of the opposing party or the opposing party's own witness.

***Lineberger v. Wyeth***, 894 A.2d 141, 149 (Pa.Super. 2006) (citation and internal quotation marks omitted; emphasis added).

Here, the record reflects that ***Nanty-Glo*** did not prohibit entry of summary judgment in this case because U.S. Bank provided evidence other than oral testimony to prove a ***prima facie*** case in mortgage foreclosure. This evidence included a copy of the mortgage and note, appellant's transaction history, a notice of its intent to foreclose, and an affidavit confirming the amount due and unpaid. (***See*** "[U.S. Bank's] Motion for Summary Judgment," 4/6/15 at Exhibits B, E, G, H; "Affidavit in Support of [U.S. Bank's] Motion for Summary Judgment," 1/13/15 at 3.) The record further reflects that appellant has failed to provide any evidence in either her December 14, 2019 "Answer and New Matter" or her May 4, 2015 "Memorandum of Law in Opposition to [U.S. Bank's] Motion for Summary Judgment" to refute U.S. Bank's allegations. As recognized by the trial court, "[a]ppellant in the Answer admitted to averments in the Complaint by general denials to the claims . . . [and] does not specifically identify any factual assertions that would require a credibility finding." (Trial court opinion, 2/2/16 at 10; ***see also*** Pa.R.Civ.P. 1029(b) (stating, ***inter alia***, "[a] general denial or a demand for proof, except as provided by subdivisions (c) and (e) of this rule, shall have the effect of an admission.").) Accordingly, we discern no

error of law on the part of the trial court in concluding that there were no genuine issues of material fact in this case and granting U.S. Bank's motion for summary judgment.  Therefore, we affirm the trial court's September 1, 2015 judgment.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/20